**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CONNIE MCGIRR, et al.,

    Plaintiffs,

v.                                                    Case No. 16-464

THOMAS F. REHME, et al.,

    Defendants.

                                                   /

**ORDER GRANTING IN PART MOTION FOR A TEMPORARY RESTRAINING
ORDER AND SETTING A PRELIMINARY INJUNCTION HEARING**

Plaintiffs filed their Complaint (Dkt. # 1) on April 12, 2016, and Defendants have yet to be served. On April 15, 2016, Plaintiffs filed a "Motion for a Temporary Restraining Order and Motion for Preliminary Injunction." (Dkt. # 4.) The Motion was served on Defendants via regular United States mail the same day. Defendants have responded in opposition. (Dkt. ## 7, 9.) For the following reasons, the court will grant in part the motion for a temporary restraining order.

This case involves a previously settled mass tort action concerning the diet drug "fen-phen" and some of the plaintiffs in that case who instituted an action in Kentucky state court against their attorney, now Defendant, Stanley Chesley. They allege that he wrongfully retained money they were due from the settlement. That action resulted in a large judgment against Chesley, *Mildred Abbott et al. v. Stanley M. Chesley, et al.*, No. 05-CI-00436 (Ky. Cir. Ct. August 1, 2014), which Plaintiffs say they have had little if any luck in collecting. Plaintiffs now bring this action against Chesley, his law firm, Waite,

Schneider, Bayless, & Chesley, Co., LPA ("WSBC"), and Thomas Rehme, an employee of WSBC and trustee of funds involved in the wind-up of WSBC, alleging that they have fraudulently transferred funds to shield Chesley from the judgment against him.

When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)). Rule 65 states in relevant part that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). When evaluating whether to grant a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted). These factors are "interrelated considerations that must be balanced together," not independent prerequisites. *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]." *Id.* (citing *Griepentrog*, 945 F.2d at 153).

The stated reason for the request that the court act immediately is, primarily, to

2

restrain the disbursement of attorneys' fees from a class action lawsuit, *Williams v. Duke Energy*, No. 08-46 (S.D. Ohio October 21, 2015) (Sargus, J.). That matter was scheduled for a hearing April 19, 2016, and Judge Sargus approved the payment of attorneys' fees to the Defendant law firm WSBC. *Id.* at Dkt. # 266. The payor of the attorneys' fees in *Williams*, Duke Energy International, Inc., has represented that no payment of fees will be made until April 26, 2016, *id.*, but it appears that payment may be made shortly thereafter.

Before Judge Sargus approved the attorneys' fees, Plaintiffs in this case filed a motion in *Williams* to be substituted as the real party in interest as to the payment of the attorneys' fees based on various state-court orders that, Plaintiffs argue, entitle them to execute on any fee income due to WSBC. *See id.* at Dkt. # 264. Along with granting attorneys' fees to WSBC, Judge Sargus acted to sever the above-described motion to substitute and transfer it to this court for resolution as a companion to the instant litigation. *Id.* at Dkt. # 266.

Plaintiffs allege that the firm and Defendants Stanley Chesley and Thomas Rehme are involved in a scheme to fraudulently transfer and conceal assets in order to evade Chesley's judgment creditors. Plaintiffs argue that to prevent the attorneys' fees from being permanently diverted to their detriment, the court should require Defendants to place those funds on deposit with the court pending the outcome of this case.

Considering the four factors that govern the decision to grant a TRO and the impending concern of the payment of attorneys' fees from the *Williams* case, the court concludes that a TRO is appropriate to restrain the funds that will be paid to WSBC at least until the court can hear fully from all parties to the matter. As to success on the merits, Defendants primarily argue that federal courts lack jurisdiction to enforce the

3

judgments of state courts. (*See* Dkt. ## 7, 9, Pg. ID 137-40, 217-222.) Defendants, however, misread the Complaint. This action is not one to register and enforce the Kentucky judgment. It is a separate cause of action alleging fraudulent transfer of funds to which Plaintiffs are entitled. While related, the two are not the same and the cases Defendants cite, *e.g. Euro-Am. Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F. Supp. 2d 705 (E.D. Ky. 2006), are inapposite where Plaintiffs do not seek to enforce the judgment, but instead are suing based on allegedly fraudulent transfers made by Defendants. Plaintiffs, on the other hand, point to a number of transfers purportedly related to the wind-up of WSBC, that could, it seems at this point, be viewed as being made for the benefit of Chesley and in an effort to render Chesley insolvent and judgment proof. (*See* Dkt. # 4, Pg. ID 57-59.) While, Defendants also raise significant questions about whether abstention would be appropriate in this case due to the parallel state proceedings, and whether diversity jurisdiction exists because of other judgment creditors who *could* join in this action, the court concludes, at this early stage in the litigation, that this factor slightly favors Plaintiffs.

Even more persuasive is Plaintiffs' argument as to irreparable harm, the second factor in the analysis. The concealment or dissipation of assets constitutes irreparable harm. *NCR Corp. v. Feltz*, No. 91-4011, 91-4033 and 91-4058, 1993 WL 11876, at *2 (6th Cir. Jan. 21, 1993); *Huntington Nat. Bank v. Guishard, Wilburn & Shorts, LLC*, No. 2:12-CV-1035, 2012 WL 5902916, at *9 (N.D. Ohio Nov. 26, 2012). Given the alleged past practice of Defendants in making these types of fraudulent conveyances, and the threat that Defendants will similarly handle the attorneys' fee award from *Williams*, Plaintiffs have established that they may suffer irreparable harm if a temporary restraining order is not issued. The factor heavily favors Plaintiffs.

4

Considering the harm to others, in his brief, Chesley references sums owed to the IRS, an IRS lien, and ongoing IRS audit, all of which he argues would be affected by the grant of a TRO. (Dkt. # 7, Pg. ID 144-45.) The court is not convinced that a (hopefully) brief restraint of the attorneys' fee award from *Williams* will significantly impact Chesley's tax liability. In the event this concern becomes imminent and more concrete before the court holds a preliminary injunction hearing, the court stands ready to entertain an emergency motion on that matter. As to WSBC and Rehme, those Defendants do not address this factor in their brief. The court finds that little harm would come to others if the attorneys' fees are temporarily held on deposit with the court pending the outcome of a soon-to-be-held preliminary injunction hearing.

Lastly, the court finds that, to the extent this factor is implicated, the public interest would be served by deterring others from engaging in the fraudulent transfer of funds. *See Concheck v. Barcroft*, No. 2:10-cv-656, 2010 WL 4117480, at *3 (S.D. Ohio Oct. 18, 2010).

Accordingly, IT IS ORDERED that Plaintiff's "Motion for a Temporary Restraining Order and Motion for Preliminary Injunction" (Dkt. # 4) is GRANTED IN PART, specifically with respect to Plaintiffs' request for a temporary restraining order requiring Defendant WSBC to place all attorneys' fees to be granted in *Williams* on deposit with the court. The request for a temporary restraining order is DENIED IN PART as to the other general restraints on Defendants financial activities. The request for a Preliminary Injunction remains pending.

IT IS FURTHER ORDERED that Defendant WSBC must, forthwith upon receipt, place on deposit with the court via wire transfer any and all fees received in connection with *Williams v. Duke Energy*, No. 08-46 (S.D. Ohio Oct. 21, 2015) (Sargus, J.).

5

Defendant WSBC is ORDERED to contact the court's financial clerk, Mike Socha, at (614) 719-3063 to arrange the transfer of funds. The funds will remain on deposit in an interest bearing account until the court dissolves this order at the preliminary injunction hearing or otherwise.

IT IS FURTHER ORDERED that natural Defendants, Thomas Rehme and Stanley Chesley, must assist in any way needed to facilitate the ordered transfer of funds to the court, and do nothing to interfere in any way with such transfer.

IT IS FURTHER ORDERED that Plaintiffs must give security in the form of a bond in the amount of $20,000.00 (twenty thousand dollars). The court determines that this is sufficient to ensure the payment of possible costs and damages sustained if it is determined that Defendants have been wrongfully restrained. Plaintiffs, also, must contact Mike Socha, at (614) 719-3063 in order to arrange the deposit of the security.

IT IS FURTHER ORDERED the counsel for all parties appear for a telephonic status conference on **April 29, 2016 at 11:00 a.m.** to discuss and seek agreement on the logistics (timing, complexity, etc.) of a preliminary injunction hearing. (The court will initiate the call)

The court anticipates conducting a hearing on the motion for preliminary injunction on **May 26, 2016 at 11:00 a.m., Courtroom 5 at the United States District Court, 85 Marconi Blvd, Columbus, Ohio, 43215.**

All natural party defendants are ORDERED to appear personally at the hearing, as are all corporate entity party representatives with fully dispositive settlement authority. The court anticipates that the parties will, without any further specific guidance or involvement of the court, discuss means and methods of settlement before and on the hearing date. The principal purpose of requiring personal attendance is to facilitate

the opportunity for discussion and the ability to record any agreement(s) reached.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 22, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 22, 2016, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

C:\Users\wagner\AppData\Local\Temp\notesDF63F8\16-464.MCGIRR.grantTRO.V2.wpd