# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CONNIE McGIRR, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No. 1:16-cv-464 |
| : | |
| THOMAS F. REHME, et al., : | Judge Robert H. Cleland |
| : | |
| Defendants. : | |

## PROTECTIVE ORDER

The court has considered Plaintiffs' Motion for a Protective Order (Dkt. # 33) and also discussed the matter with the parties at the May 23, 2016 telephonic status conference. Plaintiffs addressed Defendants' articulated concerns during the status conference and the court will grant the order subject to and consistent with Plaintiffs' representations made on the record at that time. It appearing that confidential information belonging to Defendants Thomas Rehme ("Rehme"), Waite, Schneider, Bayless & Chesley, Co., LPA ("WSBC"), and Stanley M. Chesley ("Chesley") and other parties may be exchanged in discovery in this action and that a protective order is necessary and beneficial in order to enable the exchange of documents that contain financial and other confidential information on an expedited basis, **IT IS ORDERED** that:

1.     This Protective Order shall remain in place until the hearing on May 26, 2016 or until such time as the parties can present their respective legal arguments to the Court and an Order is issued that governs the documents produced in discovery. At this juncture the parties disagree as to the degree to which the parties and third parties are entitled to seal documents in this case.

2.     As used in this Protective Order, the term "document" or "documents" shall have the same meaning as that provided in Fed. R. Civ. P. 34.

3.     When used in this Protective Order, the word "CONFIDENTIAL" means sensitive financial, competitive, or other confidential information (i.e. social security numbers, bank account numbers, etc.) of the producing party and/or third parties entitled protection under Fed. R. Civ. P. 26.

4.     As used in this Order, "CONFIDENTIAL MATERIAL" means any information or discovery material, whether it be written, oral, electronic, graphic/pictorial, audiovisual, or other form, and including any portions thereof and any information contained therein, that falls within the type of information contemplated under Fed. R. Civ. P. 34.

5.     The burden of proving the confidential nature of designated information is on the producing party. Prior to designating any material as "CONFIDENTIAL" and subject to this Protective Order, the producing party must make a bona fide determination that the material is, in fact, confidential as defined above, the dissemination of which would significantly damage the producing party or third parties.

6.     Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall

have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

7. In order to designate a portion of any document as "CONFIDENTIAL," the producing party shall mark the designated pages of the material with the word "CONFIDENTIAL" in a manner that does not obscure, or impair the legibility of any information contained within the material, but makes it difficult to remove the designation.

8. Subject to Paragraph 18, confidentiality may be claimed by the designation procedure of Paragraph 7 for documents including pleadings, motion papers, memoranda, affidavits, exhibits or portions thereof containing confidential material, and redacted to the extent necessary to protect the confidentiality of the document without rendering the document useless.

9. This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced as "CONFIDENTIAL."

10. The terms and provisions of this Order do not in any way govern the determination of what documents or information are discoverable in this action pursuant to applicable federal law; rather, this Order governs the disclosure of information. Confidential information may be produced or disclosed in whole or in part only to:

    a. The Court and all Court personnel, in accordance with paragraph 18 of this Order;

    b. The named parties in this lawsuit;

      c.    Counsel for all parties in this litigation, including members of counsel's legal or support staff to the extent reasonably necessary for such persons to render assistance in this litigation;

      d.    Non-attorney experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation;

      e.    Experts or consultants who have been retained for the purposes of assisting in this action;

      f.    Court reporters used in this litigation;

      g.    Individuals identified as witnesses in this litigation; and

      h.    Other persons only by order of this Court or stipulation of the party who designated the Confidential information in question.

11.    Confidential information may be disclosed and discussed with a person identified in Paragraphs 10(d), 10(e), 10(f), 10(g) and 10(h) only after such person has acknowledged in writing that he or she has read and agrees to abide by the terms of this Protective Order, as set forth in Exhibit 1.  These persons shall not further disclose, directly or indirectly, Confidential information to other persons or entities.

12.    All copies of any Confidential information produced or disclosed pursuant to this Order, and all transcripts of deposition testimony referring or relating to such Confidential information shall at all times be kept in the possession of the attorneys of the parties and/or those persons designated pursuant to Paragraph 10(d), 10(e), 10(f), 10(g) and 10(h) of this Order.  There shall be no other dissemination of said Confidential information without redaction and transcripts of deposition testimony containing such information shall be redacted before filing in the record.

13. All persons, present at the taking of depositions in this action when Confidential information is a subject of examination shall first acknowledge and agree on the record that he/she is familiar with and will be bound by the terms of this Order and shall not disclose such Confidential information to anyone other than those persons designated pursuant to Paragraph 10 of this Order.

14. The parties shall be bound by the terms of this Order both during the pendency of this action and thereafter unless the Court orders otherwise.

15. Should any persons who are not designated pursuant to Paragraph 10 inadvertently gain access to Confidential information, they shall not review, study, copy or otherwise utilize such information. Counsel shall immediately advise opposing attorneys of record of all facts regarding the inadvertent disclosure.

16. Any inadvertent production of privileged or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days.

17. Agreeing to produce or receiving Confidential information pursuant to this Order, or otherwise entering into or complying with the terms of this Order, shall not:

    a. Constitute a waiver of any objection to the claim of privilege or a waiver of the right of any party to seek a court determination of the privileged nature of any information so claimed or a court ruling regarding admissibility or other disclosure of such information;

    b. Prejudice the rights of any person to object to the production of information it considers not subject to discovery or not in good faith subject to the terms of this Order;

    c. Be regarded as an admission or stipulation that the Confidential information is admissible as evidence at any hearing or trial.

18. This Order has no effect upon, and its scope shall not include, any person's use of his, her or its own Confidential information.

19. Any filings in the above-captioned matter attaching, containing, or otherwise using information designated as "Confidential" shall either be filed under seal or shall be redacted such that confidential information (including, but not limited to, account numbers, social security numbers, tax identification numbers, and/or any other personally identifiable information) be protected.  When possible, redaction rather than filing under seal is encouraged.

20. This Protective Order may be amended only by a further Order of the Court.  Any party may file a motion, with notice to opposing counsel, requesting the Court to amend this Protective Order in any manner that is consistent with the Federal Rules of Civil Procedure and other applicable law.

**SO ORDERED** this 23rd day of May 2016

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  May 23, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 23, 2016, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

## Exhibit 1 to Stipulated Protective Order

I, _____, declare as follows:

1.   I have read the Protective Oder in the above-captioned case.

2.   I promise that I will only use the documents and things designated as "CONFIDENTIAL" that are given to me for purposes of this lawsuit.

3.   I promise that I will not disclose or discuss information that I learn from the documents and such things designated as "CONFIDENTIAL" with anyone other than the persons described in the Protective Order.

4.   I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of Ohio with respect to enforcement of this Protective Order.

5.   I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions or contempt of Court.

_____
Signature

_____
Date

10339150v2