**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CONNIE MCGIRR, et al., | : |
| Plaintiffs, | : Civil Action No. 1:16-cv-464 |
| vs. | : Judge Robert Cleland |
| THOMAS F. REHME, et al., | : **TEMPORARY RESTRAINING ORDER** |
| Defendants. | : |

This matter is before the Court on the motion of Plaintiffs for Temporary Restraining Order against Defendants Thomas Rehme ("Rehme"), Waite, Schneider, Bayless, & Chesley, Co., L.P.A. ("WSBC"), and Stanley M. Chesley ("Chesley"). (Doc. 71). Having considered the evidence and arguments of the parties, and being otherwise sufficiently advised, the Court finds the motion to be well-taken.

The Court finds that the Rule 65 factors weigh in favor of granting a temporary restraining order. To begin, Plaintiffs have proven a likelihood of success on the merits. There is no dispute that WSBC filed a new action in the Hamilton County Probate Court. (See Doc. 70). This filing followed Rehme's attempt to transfer all assets of WSBC to a new "Assignee," Mr. Eric Goering. The Court notes that this transfer was without consideration, and that this transfer appears to be with the intent to frustrate the judgment creditors. This new action puts WSBC's assets and transfers before another court while these same issues are pending before this one. Importantly, this Court has the power to order the same relief as sought in the probate court. The new Assignee is akin to a receiver, albeit one that was hand-picked by WSBC and thus whose impartiality Plaintiffs reasonably question, and Plaintiffs have already asked this Court

1

to appoint a receiver. This issue was discussed at length during the preliminary injunction hearing.

It is not lost on the Court that WSBC appears to be forum shopping. The Court finds the timing of this purported transfer particularly troubling, as this filing comes while a motion for preliminary injunction is pending, after a two day hearing, and a motion for leave to amend the complaint to assert new causes of action is also pending. The purported transfer of assets and new litigation is nothing more than an attempt to have an Ohio state court decide issues that are properly pending before this Court.

The Court further finds a significant danger of irreparable harm. The concealment or dissipation of assets constitutes irreparable harm. *NCR Corp. v. Feltz*, No. 91-4011, 91-4033 and 91-4058, 1993 WL 11876, at *2 (6th Cir. Jan. 21, 1993); *Huntington Nat. Bank v. Guishard, Wilburn & Shorts, LLC*, No. 2:12-CV-1035, 2012 WL 5902916, at *9 (N.D. Ohio Nov. 26, 2012). Plaintiffs argue that this new action gives WSBC the power to dissipate its assets through use of the Assignee. Here, the terms of the assignment and order filed by WSBC reveals that the new Assignee has the authority to sell all of WSBC's assets for the benefit of its creditors. (Doc. 70 at 1). But it is highly unlikely that the new Assignee will recognize Plaintiffs as creditors of WSBC. Before this Court, WSBC has repeatedly argued that Plaintiffs are not creditors of WSBC and have no right to any WSBC assets, despite the fact that another court has expressly ordered both that Chesley transfer his interest in WSBC to Plaintiffs and that Plaintiffs can directly execute on the assets of WSBC. Plaintiffs' status as a creditor of WSBC is squarely before this Court. Thus, through this purported assignment, Rehme/WSBC has attempted to remove this decision from this Court, place it in the plenary discretion

of the new Assignee, who will have unfettered authority to deny Plaintiffs' claim and sell or liquidate all WSBC assets before a fair and impartial decision can be made.

Moreover, Chesley, who is integral to this dispute, is not a party to the probate court litigation, and the fraudulent transfer claims currently pending before this Court are certainly relevant to the probate court litigation. Accordingly, the Court finds without temporary injunctive relief, there is a significant risk that WSBC's assets will be liquidated without recognition of Plaintiffs' claims and before a decision as to their status can be made, and Plaintiffs will be left without any recourse. This factor weighs in favor of temporary injunctive relief.

Considering the harm to others, the Court is not convinced that WSBC is at risk for greater harm than that which was just described by the Court. As such, this factor weighs in favor of granting the temporary restraining order.

Finally, the Court finds that, to the extent implicated, the public interest would be served by deterring others from engaging in fraudulent transfer of funds. *See Concheck v. Barcroft*, No. 2:10-cv-656, 2010 WL 4117480, at *3 (S.D. Ohio Oct. 18, 2010). Similarly, forum shopping will not be tolerated. *See Mitan v. Int'l Fidelity Ins. Co.*, 23 F. App'x 292, 298-99 (6th Cir. 2001).

Accordingly,

**IT IS ORDERED THAT**, until further order by the Court:

1.     The Defendants, including all agents and assignees of Defendants, shall not assign, disburse, distribute, transfer or take any action related to any asset of WSBC, including money, outside of basic office expenses;

2. The Defendants, including all agents and assignees of Defendants, shall not negotiate or enter into any agreements pertaining to income due WSBC and/or Chesley;

3. Chelsey, including his agents and assignees, shall not directly or through anyone acting on his behalf or for his benefit take nor direct any money that could be claimed by WSBC or anyone who may owe money to WSBC;

4. WSBC, including its agents and assignees, shall not assign, disburse, distribute, transfer or take any action on any assets, including money, outside of basic office expenses;

5. Rehme, including his agents and assignees, shall not, in his capacity as secretary of WSBC and as Chesley's trustee under the 2013 Wind-Up Agreement transfer records of any kind or enter any agreements on behalf of WSBC or authorize the assignment, disbursement, distribution, transfer or take any other action on any of WSBC's assets, including money, outside of basic office expenses;

6. WSBC, including its agents and assignees, shall not make any assignments, transfers, distributions, disbursements, or other payments to Chesley or on behalf of or for the benefit of Chesley;

7. Chelsey, for himself or anyone acting on his behalf or for his benefit shall not enter agreements or take nor direct any money that could be claimed by WSBC or any person or entity who may owe WSBC money; and

8. Rehme shall not, in his capacity as secretary of WSBC and as Chesley's trustee under the 2013 Wind-Up Agreement authorize or facilitate any assignments, transfers, distributions, disbursements, or other payments to Chesley or on behalf of Chesley.

Having carefully considered the facts of this matter, the Court finds that the bond already posted by Plaintiffs in this litigation sufficient.  No additional bond shall be required.

**SO ORDERED.**

                                                  S/Robert H. Cleland  
                                                  ROBERT H. CLELAND  
                                                  UNITED STATES DISTRICT JUDGE

Dated:  September 19, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 19, 2016, by electronic and/or ordinary mail.

                                                  S/Lisa Wagner  
                                                  Case Manager and Deputy Clerk  
                                                  (313) 234-5522