# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CONNIE MCGIRR, et al.,

    Plaintiffs,

v.                                            Case No. 16-464

THOMAS F. REHME, et al.,

    Defendants.

_____/

**ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR DISMISSAL OF PLAINTIFF'S MOTION; DENYING AS MOOT CHESLEY'S MOTION FOR RELEASE OF FUNDS; GRANTING PLAINTIFFS' MOTION TO DISMISS CAROL BOGGS WITHOUT PREJUDICE; DENYING AS MOOT CHESLEY'S MOTION FOR SUMMARY JUDGMENT; AND SETTING TELEPHONIC STATUS CONFERENCE**

Pending before the court are several motions many of which appear to be moot in light of developments in this case.

Defendants filed a Motion for Dismissal of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction for Failure to Sustain Burden of Proof and to Strike Exhibit. (Dkt. #58.) In light of this court's order granting a preliminary injunction, currently on appeal before the Sixth Circuit (Dkt. #113), that motion is moot and will be denied.

Defendant Stanley Chesley also filed a Motion for Release of Funds to the International Revenue Service and the State of Ohio Department of Taxation requesting that a portion of the previously sequestered funds be released to pay his tax liabilities. (Dkt. #72.) He has since filed a motion calling for the dedication of *all* such funds toward that end. (Dkt. #101.) Following the filing of the second motion, which plainly supersedes the first, the first motion is moot and will be denied.

Defendant Chesley also filed a Motion for Summary Judgment Due to Lack of Subject Matter Jurisdiction on the basis that one of the named Plaintiffs lives in Ohio, thus defeating the jurisdictional requirement of complete diversity. (Dkt. #105.) In response, Plaintiffs have filed a motion seeking to dismiss that non-diverse Plaintiff as a named party on the basis that she is a dispensable party under Federal Rule of Civil Procedure 21 and this court has already ruled that the action can be maintained without the participation of people identically situated. (Dkt. #111.) The court has received no brief in opposition to Plaintiffs' motion, and it appears to be well-taken. The court will grant dismissal of Carol Boggs as a party plaintiff. Chesley's motion for summary judgment is therefore moot and will be denied.

Defendants have also filed a Motion for Summary Judgment, the majority of which advances an argument that certain Plaintiffs should be substituted for their bankruptcy trustees. (Dkt. #115.) Plaintiffs then moved to strike an expert affidavit upon which Defendants relied for their motion's trustee argument, on the basis that it contained merely an explanation of domestic law and was thus inadmissible as expert testimony. (Dkt. #122.) Thereafter, the court entered an agreed order submitted by the Parties that substituted a number of named Plaintiffs for the trustees in their bankruptcy estates. (Dkt. #148.) It seems that this stipulated order moots the central argument advanced in Defendants' motion for summary judgment and, concordantly, Plaintiffs' motion to strike the expert affidavit.

Therefore, the court will hold a telephonic status conference with the parties to discuss the extent to which these pending motions have become moot in light of the

2

substitutions, and, if not, what steps need to be taken to resolve them—including dismissal with leave to re-file.

Finally, following this court's entry of an order granting Plaintiffs a preliminary injunction, Defendants filed a notice of appeal on the questions, among others, of whether this court erred in asserting jurisdiction over their Assignee for the Benefit of Creditors, and whether the court substantively misjudged whether a preliminary injunction was warranted at all. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982)). "This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." *Id.* (citations omitted).

Here, though the court has jurisdiction to rule on the other motions discussed above, it may have been divested of jurisdiction to consider the Emergency Motion to Appoint a Receiver, as the requested relief assumes that this court has jurisdiction to order the Assignee, who holds all interests previously held by WSBC, who in turn held all of Chesley's income, to assign his interest to a Receiver. In any event, the preliminary injunction currently in place effectively freezes the disbursement of additional funds by the Assignee, so no urgent need for a determination on that question seems necessary.

Similarly affected is Plaintiffs' Motion to Compel, which seeks confidential financial and tax records from the firm that performed accounting services for Defendants, as the ability of this court to assert jurisdiction over the Assignee, and in turn the assets at issue in this case, affects the balancing analysis required to resolve the motion. The extent to which the court has jurisdiction to consider these and the latest pending motion for release of all sequestered funds (Dkt. #101), will also be the subject of the telephonic status conference.

The Parties are encouraged to confer through counsel prior to the conference with the court.

IT IS ORDERED that Defendants' Motion for Dismissal of Plaintiff's Motion (Dkt. #58) is DENIED as moot.

IT IS FURTHER ORDERED that Chesley's Motion for Release of Funds (Dkt. #72) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Dismiss Carol Boggs as a Party Plaintiff (Dkt. #111) is GRANTED. Carol Boggs is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Chesley's Motion for Summary Judgment (Dkt. #105) is DENIED as moot.

IT IS FURTHER ORDERED that a telephonic status conference will occur on **Wednesday, August 23, 2017 at 11:00 a.m.** The court will initiate the call.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:   August 8, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 8, 2017, by electronic and/or ordinary mail.

s/Julie Owens  
Acting in the Absence of Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 984-2056